UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CIV-80321-BLOOM/Valle

**RAYMOND AKIKI and JUDITH AKIKI,**

    **Plaintiffs,**

v.

**GREENTREE SERVICING, LLC, BANK OF AMERICA, N.A., BANK OF AMERICA CORPORATION, FANNIE MAE, and the FEDERAL HOUSING FINANCE AUTHORITY,**

    **Defendants.**

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

This matter is before the Court on Defendants, Bank of America N.A. ("BANA"), Bank of America Corporation ("Bank of America"), Fannie Mae, and Greentree Servicing, LLC's Motion to Dismiss Plaintiffs' Amended Complaint, ECF No. [28]. The Court has reviewed the motion, all supporting and opposing filings, and the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Court now **GRANTS** Defendants' Motion.[1]

## I. BACKGROUND

---

[1] Plaintiffs' Response was filed on July 7, 2014. ECF No. [34]. Accordingly, Defendant's Reply was due July 17, 2014. Although Defendants have seemingly opted not to reply, the Motion is nonetheless ripe for adjudication.

Plaintiffs Raymond and Judith Akiki (hereinafter, "Plaintiffs"), assert claims based on violations of the Bank Holding Company Act, 12 U.S.C. § 1841, *et seq.* (Count I), and the National Banking Act, 12 U.S.C. §§ 85 and 86 (Count II), as well as claims for breach of fiduciary duty (Count III), gross negligence (Count IV), unjust enrichment (Count V), equitable estoppel (Count VI), and injunctive relief (Count VII). *See* ECF No. [25]. The Amended Complaint alleges that BANA provided a "no documentation" loan to the Plaintiffs with an original principal of $96,000 (the "Initial Loan"). *Id.* at ¶ 9. Plaintiffs then obtained a Home Equity Line of Credit from Bank of America in the amount of $20,000 (the "HELOC Loan"). *Id.* According to Plaintiffs, from the inception of the Initial Loan, they began experiencing issues with BANA, including, *inter alia*, misapplication of payments, unauthorized hold backs and escrows, improper exacting of interest, and other discrepancies. *Id.* at ¶¶ 10, 11. Notably, Plaintiffs contend that BANA wrongfully created an escrow account in July 2012, in violation of the original terms of the Note. *Id.* at ¶ 10. Moreover, BANA allegedly assessed an interest rate of 5.14% per annum while the Note actually called for rate of 2.34% per annum. *Id.* These actions, specifically, the creation of an unnecessary escrow account and requiring Plaintiffs to execute two loans, purportedly constitute unlawful tying arrangements in violation of the Bank Holding Company Act, 12 U.S.C. § 1841, *et seq.*, and the National Banking Act, 12 U.S.C. §§ 85 and 86. *Id.* at ¶ 13.

On April 28, 2014, Defendants sought to dismiss Plaintiffs' initial Complaint. *See* ECF No. [17]. Rather than oppose dismissal, Plaintiffs opted to voluntarily amend, thereby mooting Defendants' first motion to dismiss. *See* ECF No. [22]. After Plaintiffs filed their Amended Complaint, Defendants essentially re-filed their initial motion to dismiss, thus asserting that even with Plaintiffs' amendments, the pleading still warranted dismissal. *See* ECF Nos. [17] and [28].

Specifically, Defendants assert that the Amended Complaint amounts to a "shotgun pleading," and otherwise fails to state a claim upon which relief can be granted. ECF No. [28]. Plaintiffs oppose the motion on the grounds that the Amended Complaint produces sufficient facts from which Defendants can respond and is otherwise not a sham. *See* ECF No. [32].

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). The Supreme Court has emphasized "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002). While the Court is required to accept all of the allegations contained in the complaint and exhibits attached to the pleadings as true, this tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). The Supreme Court

was clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

### A. Plaintiffs' Amended Complaint is a "Shotgun Pleading"

Defendants first assert that Plaintiffs' Amended Complaint is nothing more than a "shotgun pleading." This Court and the Eleventh Circuit has warned litigants that shotgun pleadings tend to "impede the orderly, efficient and economic disposition of disputes as well as the court's overall ability to administer justice." *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 693 F. Supp. 2d 1325, 1336 (S.D. Fla. 2010) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1128–31 (11th Cir. 2001)); *see also Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 n.10 (11th Cir. 2002) (expounding the various ways in which shotgun pleadings harm the courts and other litigants). By definition, a shotgun pleading does not comport with Rule 8's requirement of a short and plain statement of the claim. *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Generally, this type of pleading "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund*, 305 F.3d at 1295. At first blush, it appears that Plaintiffs' Amended Complaint fits the bill. Although Plaintiffs' counts do not incorporate the allegations of their predecessors, all seven counts simply incorporate the first seventeen paragraphs setting forth Plaintiffs' jurisdictional and background allegations in full while adding extremely limited and sometimes repetitious statements of fact. *See* ECF No. [25] at ¶¶ 1-17. For example, in Counts I, II, and IV of the Amended Complaint, Plaintiffs repetitiously allege that BANA "commit[ed] illegal and improper acts that amounted to no less than extortion, and

4

violations of federal and state laws, including but not limited to the exacting of illegal tying arrangements from the Plaintiffs under duress and compulsion and exacting of illegal and usurious interest." *Id.* at ¶¶ 22, 26, 34. These same vague legal conclusions are also found in Plaintiffs' background allegations. *See id.* at ¶¶ 11-13.

Moreover, it should also be noted that Plaintiffs' Amended Complaint does not appear to otherwise comport with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(d)(1) requires a pleading to be concise and direct; while Rule 10(b) necessitates that a party "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(d)(1) and 10(b). Plaintiffs' paragraphs make it nearly impossible for opposing counsel to respond to each allegation in the Amended Complaint. For instance, contained within Plaintiffs' individually numbered paragraphs are separate paragraphs addressing different circumstances and containing multiple allegations. *See, e.g.,* ECF No. [25] at ¶ 22. Rather than succinctly presenting each statement of fact in an organized manner, Plaintiffs' individual paragraphs contain a plethora of factual statements. In response to Defendants' motion, Plaintiffs fail to properly assert why these allegations meet the applicable pleading standards, instead, tersely claiming that further factual enhancement is located in specific paragraphs without further explanation or citation to legal authority.

While the Court recognizes that merely incorporating background allegations into each individual count does not create a shotgun pleading, Plaintiffs' individual counts are imprecise, diffuse, and repetitive. *Cf. Jones v. Florida Power & Light Co.*, 2010 WL 1740713, at *2 (S.D. Fla. Apr. 29, 2010) (finding that a complaint was not a shotgun pleading where the general allegations were incorporated into each count and the elements of each count were addressed in a straightforward manner). For the aforementioned reasons, the Court finds that Plaintiffs'

Amended Complaint is appropriately deemed a shotgun pleading. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1517 (11th Cir. 1991), *abrogated on other grounds by Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146 (11th Cir. 2011) (describing a shotgun pleading as containing "rambling recitations" of fact). Accordingly, Plaintiffs' Amended Complaint has not complied with the pleading requirements set forth under the Federal Rules of Civil Procedure and subsequent Supreme Court interpretations. However, the Court grants the motion without prejudice so that Plaintiffs, if so inclined, may file a Second Amended Complaint that complies with the Federal Rules and the guidance provided by this Order.[2] *See generally Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (noting that the proper procedural move when presented with a shotgun pleading is to move the court to require the plaintiff to file a more definite statement).

### B. The Merits of Plaintiffs' Individual Counts

Irrespective of the fact that Plaintiffs have presented a shotgun pleading, and in order to better guide them with respect to their potential amendments, the Court briefly discusses Plaintiffs' individual claims, and why, as pled, they nonetheless merit dismissal. Section 106 of the Bank Holding Company Act forbids banks from extending "conditional credit," otherwise known as "tying arrangements." *See* 12 U.S.C. § 1972. Under the statute, a bank is prohibited from extending credit or furnishing any other service on the condition that the customer obtains some additional credit or service from the bank. *Id.* "A § 1972 plaintiff must prove that the condition placed on the loan is 1) an unusual banking practice; 2) an anticompetitive tying

---

[2] While it is not specifically required under the Local Rules of this Court, in the future Plaintiffs' counsel would also be wise to comply with the citation requirements of the Bluebook so that the Court may more easily locate cited authority. *See, e.g.*, ECF No. [32] at 3, 5; *see also* The Bluebook: A Uniform System of Citation (Columbia Law Review Ass'n et al. eds., 19th ed. 2010).

arrangement; and 3) a practice that benefits the bank." *Cohen v. United Am. Bank of Cent. Florida*, 83 F.3d 1347, 1350 (11th Cir. 1996); *see also Bank of Am., N.A. v. GREC Homes IX, LLC*, 2014 WL 351962, at *16 (S.D. Fla. Jan. 23, 2014). Plaintiffs have not alleged sufficient facts to assume that the arrangement alluded to in the Amended Complaint was unusual or anticompetitive; Plaintiffs merely offer the conclusory allegation that Defendants' "undertakings were illegal tying arrangements." The law is clear that courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. Thus, Plaintiffs' claim under the Bank Holding Company Act merits dismissal. *See GREC Homes IX*, 2014 WL 351962, at *16 (dismissing Bank Holding Company Act claim and noting that "conclusory recitations of the correct buzz words are not enough to state a cause of action" (internal quotation and citation omitted)).

Plaintiffs' claim under the National Banking Act is also deficient. Pursuant to 12 U.S.C. § 86, an action must be commenced within two years from the time the usurious transaction took place. *See* 12 U.S.C. § 86. While Plaintiffs have alleged that a usurious loan occurred, they do not give any indication as to when these transactions were instituted. Indeed, the only date of any related transaction found in the Amended Complaint is the date of the initial loan. Moreover, Plaintiffs do not identify the subject property in the Amended Complaint and Defendants aver that the loan numbers provided by the Plaintiffs are unidentifiable. Plaintiffs have not offered any evidence to rebut this assertion. ECF No. [25] at ¶ 9; ECF No. [28] at 2. Defendants cannot be expected to properly formulate a defense on such limited information and cursory allegations.

Moving to Plaintiffs' non-statutory claims, Defendants contend that Plaintiffs' breach of fiduciary duty claim must also be found wanting. Plaintiffs assert that a relationship of trust and

7

confidence existed between themselves and BANA as a result of BANA's involvement in the Plaintiffs' financial affairs as lender and banking advisor. ECF No. [25] at ¶ 29.  Under Florida law, a lender generally does not owe a fiduciary duty to its debtor. *See Breig v. Wells Fargo Bank, N.A.*, 2014 WL 806854, at *2 (S.D. Fla. Feb. 28, 2014); *Keys Jeep Eagle, Inc. v. Chrysler Corp.*, 897 F. Supp. 1437, 1443 (S.D. Fla. 1995) *aff'd sub nom. Keys Jeep Eagle v. Chrysler Corp.*, 102 F.3d 554 (11th Cir. 1996); *see also Metcalf v. Leedy, Wheeler & Co.*, 191 So. 690 (Fla. 1939) (holding that no fiduciary relationship exists between parties in an arm's-length transaction); *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994) ("Generally, the relationship between a bank and its borrower is that of creditor to debtor, in which parties engage in arms-length transactions, and the bank owes no fiduciary responsibilities.").  In order to overcome this general principle, the party seeking to establish this relationship must allege "some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect." *Bankest Imports, Inc. v. ISCA Corp.*, 717 F. Supp. 1537, 1541 (S.D. Fla. 1989) (citing *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923 (Fla.1986)). Alternatively, special circumstances may create a fiduciary duty on the part of the bank, such as where the bank takes on extra services, receives a greater economic benefit than a typical transaction, or exercises extensive control. *Breig*, 2014 WL 806854, at *2-3.  Plaintiffs have not alleged any of these "special circumstances" in their count for breach of fiduciary duty, nor have they asserted any other facts from which the Court may infer the creation of a fiduciary obligation.  Consequently, their claim for breach of fiduciary duty is insufficient to survive a motion to dismiss.

Count Four of Plaintiffs' Amended Complaint attempts to state a claim for gross negligence.  The first step of an inquiry into a gross negligence claim, as with simple negligence,

is the determination of a legal duty owed by the defendant to the plaintiff. *Lamm v. State St. Bank & Trust*, 749 F.3d 938, 947 (11th Cir. 2014). While simple negligence requires a violation of "ordinary care," a claim sounding in gross negligence calls for more senseless actions, devoid of reason and demonstrating "willful, wanton, or reckless misconduct." *See F.D.I.C. v. Gonzalez-Gorrondona*, 833 F. Supp. 1545, 1549 (S.D. Fla. 1993) (internal citation and quotation omitted). Clearly, to the extent Plaintiffs premise their gross negligence claim on Defendants' purported breach of fiduciary duty, such accusations must also be denied. Further, Plaintiffs simply copy and paste allegations found elsewhere in the Amended Complaint, making conclusory statements such as, that the Defendants "commit[ed] illegal and improper acts," and that the Defendants acted with "actual malice and/or a wanton and willful disregard of the [Plaintiffs'] rights" without specifying what acts Defendants committed, when those acts or omissions occurred, and/or what rights were violated. *See* ECF No. [25] at ¶¶ 33-37. Consequently, Count Four of the Amended Complaint is insufficient to state a claim on its face.

Plaintiffs' remaining claims for unjust enrichment, equitable estoppel, and injunctive relief also require dismissal as currently pled. Unjust enrichment is an equitable claim, based on a legal fiction, where a court implies a "contract" as a matter of law. *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir. 1999). This "quasi-contract" is imposed where it is "deemed unjust for one party to have received a benefit without having to pay compensation for it." *Id.* (quoting *Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co.*, 695 So. 2d 383, 386 (Fla. 4th DCA 1997)). The Amended Complaint fails to indicate what conduct or acts lead to the conclusion that the Court should imply a contract between the parties and what benefit Defendants have retained without providing compensation.

Similar to unjust enrichment, equitable estoppel is an equitable remedy based on principles of fair play and essential justice, arising when one party relies in good faith upon the representation of another and changes his or her position based on that reliance. *MSC Mediterranean Shipping Co. SA, Geneva v. Metal Worldwide, Inc.*, 884 F. Supp. 2d 1269, 1274 (S.D. Fla. 2012). A claim founded upon equitable estoppel requires (1) a representation of fact by one party contrary to a later asserted position, (2) good faith reliance on the initial representation, and (3) a detrimental change in position as a result of the reliance. *Id.* (citing *Marine Transp. Servs. Sea–Barge Grp., Inc. v. Python High Perform. Marine Corp.*, 16 F.3d 1133, 1139 (11th Cir. 1994)). Merely alleging that Defendants have entered into some indeterminable "Credit Facilities," Plaintiffs' Amended Complaint is devoid of allegations supporting a basic finding that Plaintiffs have asserted the aforementioned elements.

Lastly, Plaintiff asserts, in a mere four sentences, that a temporary restraining order will best serve the public's interest.[3] ECF No. [25] at ¶¶ 59-62. In order to obtain a temporary restraining order, a party must demonstrate "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). Overlooking the fact that a temporary restraining order is more appropriately sought by motion, see Fed. R. Civ. P. 7, Plaintiffs' bare, conclusory allegations do not meet the standard for a temporary restraining order. Most notably, Plaintiffs' laconic assertions have not demonstrated a likelihood of success on the merits.

---

[3] It is unclear whether Plaintiffs are seeking a temporary or permanent restraining order as the exact language used in the Amended Complaint is "temporary *and* permanent." ECF No. [25] at ¶ 62 (emphasis added).

## IV. CONCLUSION

Plaintiffs' Amended Complaint, as it is constructed, represents a shotgun style pleading that merits dismissal. Furthermore, disregarding Plaintiffs' inappropriate format, the naked, conclusory allegations found therein nonetheless warrant dismissal. Accordingly, it is **ORDERED and ADJUDGED** that

1. Defendants, Bank of America N.A., Bank of America Corporation, Fannie Mae, and Greentree Servicing, LLC's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [28] is **GRANTED without prejudice.**

2. Plaintiffs are granted leave to file a Second Amended Complaint no later than August 15, 2014.

3. If Plaintiffs fail to file a Second Amended Complaint within the aforementioned deadline, the case will be **dismissed**.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 30th day of July 2014.

_____
BETH BLOOM
UNITED STATES DISTRICT JUDGE

cc: counsel of record